Donald W. Searles (Ca. Bar. No. 135705)
Email: searlesd@sec.gov
Shuman Sohrn (pro hac vice pending)
Email: SohrnS@sec.gov
Division of Enforcement
Securities and Exchange Commission
100 F Street NE, Mail Stop 5628
Washington, D.C. 20549
Telephone: (202) 551-8472
Facsimile: (202) 304-1469

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff/Applicant,<br><br>v.<br><br>STEVEN J. MUEHLER, ALTERNATIVE SECURITIES MARKETS GROUP CORP., and BLUE COAST SECURITIES CORP. d/b/a GLOBALCROWDTV, INC. AND BLUE COAST BANC,<br><br>Defendants/Respondents. | Case No.:   2:18-CV-01722<br><br>**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 209(d) OF THE INVESTMENT ADVISERS ACT OF 1940 AND SECTION 42(d) OF THE INVESTMENT COMPANY ACT OF 1940 ENFORCING COMPLIANCE WITH FINAL COMMISSION ORDER** |

The Plaintiff/Applicant Securities and Exchange Commission (the "Commission") applies to the Court for an order pursuant to Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-9(d)], and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act") [15 U.S.C. § 80a-41(d)], to enforce compliance by Defendants/Respondents Steven J. Muehler ("Muehler"), Alternative Securities Markets Group Corp. ("ASMG"), and Blue Coast Securities Corp. ("Blue Coast") together with Muehler

1

and ASMG, the "Respondents") with the Order Making Findings and Imposing Remedial Sanctions and a Cease-and-Desist Order Pursuant to Sections 15(b) and 21C of the Securities Exchange Act of 1934, as to Respondents Steven J. Muehler, Alternative Securities Markets Group Corp., and Blue Coast Securities Corp. d/b/a Globalcrowdtv, Inc. and Blue Coast Banc, entered against Respondents on June 21, 2016 pursuant to an administrative proceeding entitled *In the Matter of STEVEN J. MUEHLER, ALTERNATIVE SECURITIES MARKETS GROUP CORP., and BLUE COAST SECURITIES CORP. d/b/a Globalcrowdtv, Inc. and Blue Coast Banc*, Admin. Proc. File No. 3-16836 (June 21, 2016) (the "Administrative Order"). A copy of the Administrative Order is attached as Exhibit 1 to the Declaration of Shuman Sohrn (the "Sohrn Declaration") filed in support of this Application.

The Administrative Order found that Respondents willfully violated Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, and Section 15(a)(1) under the Exchange Act, and among other things:

(a) ordered Respondents to cease and desist from committing or causing violations and any future violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Section 15(a) of the Exchange Act;

(b) barred Respondent Muehler from associating with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization, pursuant to Section 15(b)(6) of the Exchange Act;

(c) prohibited Respondent Muehler from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, pursuant to Section 21C(f) of the Exchange Act;

(d) barred Respondents from participating in any offering of a penny stock, pursuant to Section 15(b)(6) of the Exchange Act;

(e) ordered Respondents to pay disgorgement plus prejudgment interest, jointly and severally, within 30 days from the entry of the Administrative Order; and

(f) ordered Respondent Muehler to pay a civil penalty within 30 days of the entry of the Administrative Order.

Because the Respondents violated several terms of the Administrative Order, the Commission applies to this Court to convert the Administrative Order into a final judgment and for related relief.  In support of its Application, the Commission states as follows:

## **INTRODUCTION**

1.   The Commission seeks by this Application to enforce an order of the Commission which found that Respondents violated Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, and Section 15(a)(1) under the Exchange Act, and directed (a) Respondents to pay disgorgement, jointly and severally, in the amount of $252,031.59 plus prejudgment interest totaling $2,551.02, and (b) Respondent Muehler to pay a civil monetary penalty in the amount of $160,000.

2.   Respondents have failed, refused, and neglected to comply with the Administrative Order in that, *inter alia*, Respondents have not paid any portion of the disgorgement imposed upon them jointly and severally, and Respondent Muehler has not paid the civil money penalty imposed upon him individually.

## **PARTIES**

3.   The Commission is an agency of the United States Government.  The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4.   Upon information and belief, Respondent Muehler is 42 years of age and currently resides in Marina Del Rey, California.

5. Upon information and belief, Respondent ASMG is a suspended California corporation with a principal place of business in Marina Del Rey, California.

6. Upon information and belief, Respondent Blue Coast is a suspended California corporation with a principal place of business in Los Angeles, California.

7. Each of Respondents ASMG and Blue Coast may be served with process pursuant to their common registered agent, Respondent Muehler.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to Sections 20(c) and 22(a) of the Securities Act [15 U.S.C. §77t(c) and §77v(a)], Sections 21(e) and 27 of the Exchange Act [15 U.S.C. §78u(e) and §78aa], and Sections 209 and 214 of the Advisers Act [15 U.S.C. §80b-9(d) and §80b-14].

9. Venue lies in the Central District of California under 28 U.S.C. § 1391(b), Section 214(a) of the Advisers Act, and Section 44 of the Investment Company Act. Each of the Respondents is "found" or is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

10. The Administrative Order found, in summary, that Respondents made false and misleading statements and omissions to, and engaged in other deceptive practices against, numerous small business owner investors, in an effort to encourage such investors to sign with Respondents.

11. Respondent Muehler, who founded and controlled the entity Respondents, personally made misrepresentations in telephone conversations and emails with investors, including the following:

    a. falsely stating that Respondents have helped customers raise millions of dollars from investors;

      b.    falsely stating that ASMG is a registered broker-dealer firm;

      c.    falsely stating that Respondents were working with securities counsel to ensure the lawfulness of the proposed offerings;

      d.    using "Legal@asmmarketsgroup.com" and references to ASMG's "Legal Dept." to create the false impression that ASMG has in-house counsel;

      e.    falsely describing ASMG as an established financial services company with the ability to make multi-million-dollar loans;

      f.    agreeing to use investment funds controlled by Muehler to purchase securities not sold to investors without disclosing that the funds had neither assets nor a reasonable expectation of having assets to satisfy the guarantees;

      g.    falsely stating that customer fees are used to pay SEC filing fees and that the SEC plans to dramatically increase its filing fees; and

      h.    assuring issuer customers that Regulation A qualification for their offerings is forthcoming despite notice of significant deficiencies in the offering statements on file.

(Administrative Order ¶ 14.)

12. Respondents also misled prospective customers by emphasizing their experience raising millions of dollars for small businesses through exempt offerings, while failing to disclose that Respondent Muehler's experience includes being disciplined by state securities regulators for promoting unregistered securities and defrauding the issuers of those securities. (*Id.* ¶ 15.)

13. In so doing, Respondents willfully violated Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, and Section 15(a)(1) under the Exchange Act. (*Id.* ¶¶ 14-17.)

14. As set forth in the Administrative Order, entered with the consent of the Petitioner and Respondents, the Respondents agreed to pay disgorgement, jointly and severally, in the amount of $252,031.59 plus prejudgment interest totaling $2,551.02, and Respondent Muehler agreed to pay a civil monetary penalty in the amount of $160,000. (*Id.* §§ II, IV(F-G).)

15. Respondents did not seek review of the Order, and their time to do so has expired.

16. Respondents have not made any payment on the disgorgement, and Respondent Muehler has not made any payment on the civil money penalty, which remains due and owing with additional interest.

## **ARGUMENT**

17. The Commission brings this proceeding under Section 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce the Administrative Order in the district courts.

18. Proceedings under these provisions are summary in nature. *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'" *Id.*

19. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v.*

*Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

20. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

21. Finally, in summary proceedings to enforce the Commission's orders, the Respondents may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F.Supp.3d 378, 381 (S.D.N.Y. 2014). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy*, 322 F.3d at 658. However, Respondents will be afforded an opportunity to be heard on the issue of whether, and to what extent, they have paid or failed to pay the amounts due as set forth in the Administrative Order. *See id.* at 659-660 (Section 21(e) "authorizes the use of summary proceedings to enforce SEC orders in district court" and affords the respondent an opportunity to be heard on the issues raised in the application).

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondents to show cause why this Court should not enter an Order enforcing compliance with the Administrative Order.

II.

That the Court thereafter enter a Judgment enforcing the Administrative Order against Respondents, including its non-monetary terms, and specifically requiring Respondents to pay disgorgement, jointly and severally, in the amount of $252,031.59 plus prejudgment interest totaling $2,551.02, and requiring Respondent Muehler to pay a civil monetary penalty in the amount of $160,000. A proposed Judgment is attached to this Application.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court pursuant to Federal Rule of Civil Procedure 69 and the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308, as applicable.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated: February 28, 2018

Washington, D.C.

Respectfully submitted,

/s/ Donald W. Searles
Donald W. Searles
Shuman Sohrn
Attorneys for Applicant
U.S. Securities and Exchange Commission
100 F Street, N.E., Mail Stop 5628
Washington, D.C. 20549
(202) 551-8472 (Phone)
(202) 304-1469 (Fax)