JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No.: 2:18-cv-01722-CAS(SKx) |
| Plaintiff/Applicant, | **[PROPOSED] FINAL JUDGMENT** |
| v. | |
| STEVEN J. MUEHLER, ALTERNATIVE SECURITIES MARKETS GROUP CORP., and BLUE COAST SECURITIES CORP. d/b/a GLOBALCROWDTV, INC. AND BLUE COAST BANC, | |
| Defendants/Respondents. | |

THIS MATTER comes before the Court on the Plaintiff/Applicant's Application For

An Order Compelling Respondents To Show Cause Why A Judgment Should Not Be Entered

Against Them Pursuant To Section 21(e) Of The Securities Exchange Act of 1934.

It is **ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor

of the United States Securities and Exchange Commission (the "Commission") against

Defendants Steven J. Muehler ("Muehler"), Alternative Securities Markets Group Corp.

("ASMG"), and Blue Coast Securities Corp. ("Blue Coast"; together with Muehler and

ASMG, the "Defendants") for disgorgement, jointly and severally, in the amount of $252,031.59 plus prejudgment interest totaling $2,551.02.

It is further **ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of the United States Securities and Exchange Commission against Defendant Muehler for a civil monetary penalty in the amount of $160,000.

It is further **ORDERED, ADJUDGED AND DECREED** that the amounts awarded herein shall be subject to post-judgment interest, pursuant to § 28 U.S.C. 1961, from the date of this judgment until the date all amounts owed has been paid.

It is further **ORDERED, ADJUDGED AND DECREED** that Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.   Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the defendant(s) in this action; and specifying that payment is made pursuant to this Final Judgment.

It is further **ORDERED, ADJUDGED AND DECREED** that Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants relinquish all

legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

It is further **ORDERED, ADJUDGED AND DECREED** that the non-monetary terms of the Commission's Administrative Order rendered against Defendants on June 21, 2016 are fully incorporated herein and subject to enforcement through this Final Judgment. Accordingly, it is hereby further ORDERED that:

(a) Defendants cease and desist from committing or causing any violations and any future violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder, and Section 15(a) of the Exchange Act;

(b) Pursuant to Section 15(b)(6) of the Exchange Act, Defendant Muehler is barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization;

(c) Pursuant to Section 21C(f) of the Exchange Act, Defendant Muehler is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, or that is required to file reports pursuant to Section 15(d) of the Exchange Act;

(d) Each of the Defendants is barred from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance of trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock; and

(e) Any reapplication for association by Defendant Muehler will be subject to the applicable laws and regulations governing the reentry process, and reentry may be conditioned upon a number of factors, including, but not limited to, the satisfaction of any or all of the following: (a) any disgorgement ordered against the Defendants, whether or not the Commission

has fully or partially waived payment of such disgorgement; (b) any arbitration award related to the conduct that served as the basis for the Commission's Administrative Order entered on June 21, 2016; (c) any self-regulatory organization arbitration award to a customer, whether or not related to the conduct that served as the basis for the Commission's order; and (d) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission's Administrative Order entered June 21, 2016.

It is further **ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction over this action for all purposes, including to implement and enforce the terms of this Final Judgment; and all other orders and decrees which may have been or may be entered in this case, and to grant such relief as this Court may deem necessary and just.

It is further **ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the application are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

Dated this 4th day of April, 2018

Christina A. Snyder

The Honorable Christina A. Snyder
United States District Court Judge

Presented by:

/s/ Shuman Sohrn
Shuman Sohrn (admitted *pro hac vice*)
Attorney for U.S. Securities and
Exchange Commission